**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| Jeremiah M. Keller, | ) | |
| | ) | **ORDER DENYING DEFENDANT'S** |
| Petitioner, | ) | **MOTION TO VACATE, SET ASIDE,** |
| | ) | **OR CORRECT SENTENCE** |
| vs. | ) | |
| | ) | |
| United States of America, | ) | Case No. 3:19-cv-00266 |
| | ) | |
| Respondent. | ) | |

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jeremiah M. Keller, | ) | Case No. 3:17-cr-00025 |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Jeremiah M. Keller's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed on December 2, 2019. Doc. No. 116. The Government responded in opposition to the motion on March 2, 2020. Doc. No. 123. Keller has not filed a reply. For the reasons below, the motion is denied.

## I.      BACKGROUND

On January 18, 2017, a grand jury returned an indictment against Keller. Doc. No. 1. The indictment charged Keller with possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1]  Id.  More specifically, the indictment alleged that Keller had

---

[1] The indictment also charged Keller with possession of stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Doc. No. 1. The Court dismissed that charge at sentencing upon a motion by the Government. Doc. No. 105.

knowingly possessed three firearms after accruing a conviction for second degree criminal sexual conduct in Minnesota state court.  Id.  That conviction stemmed from a 2003 adjudication under Minnesota's Extended Juvenile Jurisdiction[2] ("EJJ") that resulted in an original 21-month sentence.  Doc. No. 99, ¶ 29.  The state court stayed execution of the sentence until Keller turned 21 years old.  Id.  Following a litany of probation violations, the court revoked EJJ, transferred the case to an adult proceeding, and reimposed a stayed 21-month sentence.  Id.  Another round of probation violations occurred, and Keller spent more than two years in custody on the adult conviction between 2007 and 2013.  Id.

Pursuant to a plea agreement, Keller pleaded guilty to the felon in possession of firearms offense on November 29, 2017.  Doc. No. 96.  In the plea agreement, the factual basis for the charge stated in part:

> Defendant will plead guilty because defendant is in fact guilty of the charges.  In pleading guilty to Count One, defendant acknowledges that:
>
> In or about July 2015, in the District of North Dakota JEREMIAH M. KELLER, having been convicted of the following crime punishable by imprisonment for a term exceeding one year: (1) Criminal Sexual Conduct in the Second Degree, in Norman County District Court (MN), Case File No. 54-CR-06-589, on or about October 20, 2006, did knowingly possess in and affecting commerce firearms . . . at a residence in St. Michael, North Dakota, and other locations within the exterior boundaries of the Spirit Lake Indian Reservation and within the city of Plaza, North Dakota.

Doc. No. 77, ¶ 6.  Further, Keller consented to waive "all rights to contest the Judgment in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255"

---

[2] Whether an adjudication of guilt constitutes a "conviction" for purposes of 18 U.S.C. § 922(g)(1) is determined by the law of the state where the proceeding is held.  See 18 U.S.C. § 921(a)(20).  Minnesota law provides, "An extended jurisdiction juvenile conviction shall be treated in the same manner as an adult felony criminal conviction for purposes of the Sentencing Guidelines."  Minn. Stat. § 260B.245 subd. 1(a); see also United States v. Rembert, 851 F.3d 836, 841 (8th Cir. 2017) (explaining that a revoked EJJ adjudication is an adult conviction for purposes of the Armed Career Criminal Act).

2

absent a claim of ineffective assistance of counsel.  Id. ¶ 22.  In exchange for Keller's plea and appeal waiver, the Government agreed to recommend a sentence at the low end of the guideline range.  Id. ¶ 18.

At the change of plea hearing, the Court[3] reviewed the plea agreement with Keller.  Doc. No. 96.  He indicated understanding the plea agreement's terms and concurred with the factual basis for the offense.  Id.  The Court found that Keller freely and voluntarily pleaded guilty.  Id.

On February 21, 2018, the Court held a sentencing hearing.  Doc. No. 105.  In a sealed memorandum submitted prior to the hearing, Keller's counsel explained:

> [Codefendant] Mr. Lafferty had asked Mr. Keller to stop at the Spirit Lake Indian Reservation as he wanted to talk to an acquaintance.  Once there, Mr. Keller was then put on notice that there were guns hidden in the back of his pickup truck in the truck box by Mr. Lafferty.  It was then that Mr. Keller made one of several mistakes which he will always regret.  He picked up one [of] the cases containing the guns and brought it to the house.  Mr. Keller was a convicted Felon and knew that he could not handle any firearms.

Doc. No. 104, pp. 4-5.  After varying downward from the applicable guideline range of 84-105 months, the Court imposed a 72-month sentence.  Doc. Nos. 106, 107.  Keller did not pursue a direct appeal.

## II.     DISCUSSION

Section 2255 provides avenues for relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law."  Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)).  A § 2255 motion "is an extraordinary remedy" and is not a substitute for a direct appeal.  Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir.

---

[3] The Honorable Ralph R. Erickson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

2012)).  "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files and records of the case conclusively show that the petitioner is not entitled to relief." Calkins v. United States, 795 F.3d 896, 900 (8th Cir. 2015) (cleaned up).  An evidentiary hearing is unavailable when the allegations in the motion would not entitle the petitioner to relief even if true or when the allegations are inherently incredible or contradicted by the record.  Id.  The movant bears the burden to demonstrate an entitlement to relief.  Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019).

A sentence is subject to vacatur if a defendant's "conviction and punishment [were] for an act that the law does not make criminal."  Davis v. United States, 417 U.S. 333, 346 (1974).  When Keller entered his guilty plea in November 2017, precedent from the Eighth Circuit Court of Appeals mandated proof of only three elements to support a conviction under 18 U.S.C. § 922(g)(1): "(1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce."  United States v. Montgomery, 701 F.3d 1218, 1221 (8th Cir. 2012).  Then on June 21, 2019, the Supreme Court decided Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019).  Rehaif held that a § 922(g) prosecution additionally requires—and always had required—proof that a defendant "knew he belonged to the relevant category of persons barred from possessing a firearm."  Id. at 2200.  In other words, the Government must prove that a defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.  Relying on Rehaif, Keller assails his conviction and sentence as unlawful, claiming he lacked knowledge that he belonged to the relevant category of persons prohibited from possessing a

4

firearm.[4]  In opposition, the Government contends that the appeal waiver in the plea agreement and the procedural default rule defeat Keller's motion.

### A.     Statute of Limitations

Although the Government does not raise a statute of limitations argument, a brief word on the timeliness of Keller's petition is appropriate at the outset.  Ordinarily, a defendant must bring a § 2255 motion within one year of the date the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  Keller's conviction became final when his window to file a direct appeal lapsed on March 7, 2018—more than one year before he filed his December 2, 2019 petition.  Even so, a § 2255 motion is also timely if brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).

The Supreme Court has not explicitly determined whether Rehaif is retroactive on collateral review.  For the lower federal courts, at least three circuits have held that Rehaif is not a "new rule of constitutional law" retroactive on collateral review as required for authorization to file a second or successive § 2255 motion.  See In re Sampson, 954 F.3d 159, 161 (3d Cir. 2020); Khamisi-El v. United States, 800 F. App'x 344, 349 (6th Cir. 2020); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019).  But those holdings do not bear on the timeliness of an initial § 2255 motion, which requires only a newly recognized retroactive "right"—constitutional or otherwise—for statute of limitations purposes.  See 28 U.S.C. § 2255(f)(3).  To that end, the Supreme Court has

---

[4] Keller also cites to United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019), which invalidated the residual clause in 18 U.S.C. § 924(c)(3)(B) as unconstitutionally vague.  His conviction rests on 18 U.S.C. § 922(g)(1), however, so Davis is plainly inapplicable.  Keller's other argument, claiming a lack of awareness that he could be prosecuted for possessing a firearm, is likewise unavailing.  Rehaif in no way requires the Government to prove that a defendant subjectively knew he could face criminal penalties for possessing a firearm.

stated, "New substantive rules generally apply retroactively.  This includes decisions that narrow the scope of a criminal statute by interpreting its terms . . . ."  Schriro v. Summerlin, 542 U.S. 348, 351 (2004) (emphasis omitted).  Rehaif accomplished precisely that by narrowing the scope of § 922(g) to require the Government to prove a defendant possessed knowledge of a personal status prohibiting firearm possession.  As a result, the decision is retroactively applicable on collateral review.  Because Keller filed his motion within one year of the Supreme Court's decision in Rehaif, the petition is timely under § 2255(f)(3).

### B. Appeal Waiver

As an initial hurdle, the Government points to the appeal waiver in Keller's plea agreement.  A defendant is entitled to waive § 2255 collateral attack rights.  See United States v. Floyd, 931 F.3d 709, 710 (8th Cir. 2019).  Courts enforce such waivers "if the plea agreement and waiver were entered into knowingly and voluntarily, if the appeal falls within the scope of the waiver, and if dismissal of the appeal would not result in a miscarriage of justice."  United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (citing United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc)).

No doubt, Keller's motion falls squarely within the scope of his agreement to forego the right to seek § 2255 relief.  See Doc. No. 77, ¶ 22.  But the Court cannot definitively find that Keller entered into a knowing and voluntary plea agreement.  When Keller pleaded guilty, the Eighth Circuit had consistently required just three elements for a § 922(g)(1) conviction.  Rehaif subsequently held that the statute had always required a fourth knowledge-of-status element.  Without the benefit of a transcript from the change of plea hearing, it seems likely that Keller was not advised of all the elements of the offense to which he pleaded guilty.  The indictment and the factual basis in the plea agreement reinforce that probability; both documents fail to allege that

Keller knew he had previously been convicted of a crime punishable by more than one year of imprisonment.  See id. ¶ 6; Doc. No. 1.  So Keller's plea likely "was neither knowing nor intelligent because he did not have real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process."  United States v. Coleman, 961 F.3d 1024, 1027 (8th Cir. 2020) (cleaned up) (concluding plea agreement was constitutionally invalid where district court did not inform defendant of knowledge-of-status element pre-Rehaif).  Accordingly, the appeal waiver is not a conclusive bar to Keller's motion.

### C. Procedural Default

Nonetheless, the procedural default rule forecloses the possibility of relief here.  Keller never advanced a knowledge-of-status argument in this Court, nor did he pursue a direct appeal.  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent."  Bousley v. United States, 523 U.S. 614, 622 (1998) (cleaned up).  To establish cause, a defendant must show that the procedural default resulted from "something external . . . that cannot fairly be attributable to him."  Coleman v. Thompson, 501 U.S. 722, 753 (1991) (emphasis omitted) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Actual prejudice exists if the complained-of error "worked to [the defendant's] actual and substantial disadvantage."  United States v. Frady, 456 U.S. 152, 171 (1982) (emphasis omitted).  Actual innocence "means factual innocence, not mere legal insufficiency."  Bousley, 523 U.S. at 623 (citation omitted).  An actual innocence claim requires a defendant to demonstrate that "it is more likely than not that no reasonable juror would have convicted him."  Id.

Applying these principles, Keller falls well short of overcoming the procedural default rule.  His motion does not so much as attempt to establish cause.  Any implied futility argument misses

7

the mark, too.  That is so because "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." Bousley, 523 U.S. at 623 (citation and internal quotation marks omitted).  The lone narrow exception applies when a "claim is so novel that its legal basis is not reasonably available to counsel."  Reed v. Ross, 468 U.S. 1, 16 (1984).  This Court and the Eighth Circuit may well have rejected a knowledge-of-status objection at the time of Keller's conviction.  But that is insufficient to excuse a plenary failure to raise that well-worn issue, which had been "percolating in the courts for years." United States v. Bryant, 11 CR 765 (RJD) et al., 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020) (citations omitted).  Keller has failed to establish cause for his procedural default.

The same is true for actual prejudice.  Were this case prosecuted again today, the Government would have no trouble proving § 922(g)(1)'s newly recognized fourth element.  Other than a conclusory assertion mirroring the holding in Rehaif, Keller provides no evidence that he lacked knowledge of his status as a convicted felon at the time he committed the offense.  Doc. No. 116, p. 5.  Meanwhile, the record holds abundant evidence to the contrary.  To start, Keller's own sentencing memorandum acknowledged he "was a convicted Felon and knew that he could not handle any firearms" when carrying the guns from the back of his pickup to the house.  Doc. No. 104, p. 5.  The factual basis in the plea agreement also overtly lists Keller's second degree criminal sexual conduct conviction as supporting the felon in possession of firearms charge.  Doc. No. 77, ¶ 6.  Keller voiced his unequivocal agreement with the factual basis at his change of plea hearing.  Doc. No. 96.  Beyond that, Keller received a 21-month sentence—and actually served more than two years in jail from ensuing probation violations—after the Minnesota state court transferred the case to an adult proceeding.  See United States v. Hollingshed, 940 F.3d 410, 415-416 (8th Cir. 2019) (holding Rehaif claim did not affect substantial rights under plain-error

analysis where defendant served a combined five years in prison on underlying felony conviction); Swedzinski v. United States, 160 F.3d 498, 501 (8th Cir. 1998) (citation omitted) ("The actual prejudice standard is a significantly higher hurdle than the showing required to establish plain error on direct appeal."). The contention that Keller lacked knowledge of his status as a convicted felon is contradicted by the record and devoid of credibility. For similar reasons, he cannot establish actual innocence. Keller's § 2255 motion therefore fails to surmount the procedural default barrier.

## III.   CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Keller's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 116) is **DENIED**. This matter is **DISMISSED WITH PREJUDICE** and without an evidentiary hearing. The Court certifies that an appeal from the denial of this motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Keller desires further review of his motion, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 8th day of July, 2020.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court